USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 3/11/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

REYNALDO RAYSIDE,

                Plaintiff,

-v-

CITY OF NEW YORK, SPENNIE, and HORTON,

                Defendants.

No. 17 Civ. 4447 (RA)

OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

Plaintiff Reynaldo Rayside, proceeding *pro se*, brings this action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights during a four-day institutional lockdown at the Otis Bantum Correctional Center ("OBCC"). Defendants the City of New York, Correction Officer Spennie, and Captain Horton move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), arguing, *inter alia*, that Rayside failed to exhaust the available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). Because Rayside's failure to exhaust is clear from the face of the Complaint, Defendants' motion is granted.

## BACKGROUND

The following facts, taken from the Complaint, are accepted as true for the purposes of this motion. *See Johnson v. Rowley*, 569 F.3d 40, 44 (2d Cir. 2009). Rayside was a prisoner at OBCC in Housing Area 1 South. Compl. § II(A)–(B). Between May 29, 2017 and June 1, 2017 his housing area was placed on an institutional lockdown. Compl. § II(D). During the lockdown, Rayside was not permitted to shower or attend religious services. *Id.* His cell was searched in his

absence and his personal property—including clothing, bedding, toiletries, religious items, and a radio—was removed. *Id.*

On an unspecified date following the institutional lockdown, Rayside filed an inmate grievance complaining about the loss of his property. *Id.* § IV(E)(1). Rayside also "follow[ed] the chain of command by speaking to [his] area captain and [department] warden" about his grievance. *Id.* § IV(E)(3). As of the date of the submission of the Complaint, however, he had not yet received a response to his grievance. *Id.* § IV(E)(2).

On June 4, 2017—three days after the institutional lockdown ended—Rayside signed and dated the Complaint in this action, which was docketed in this Court on June 12, 2017. Defendants filed their Answer on November 9, 2017, and on June 29, 2018, they filed the instant motion. Rayside informed the Court that he intended to pursue this action, but—despite being given three warnings and more than six months to respond—he has not submitted an opposition. Accordingly, the Court deems the motion fully submitted and will adjudicate it as unopposed. *See Ismael v. City of New York*, 17-cv-1825 (AJN), 2018 U.S. Dist. LEXIS 169648, at *4–5 (S.D.N.Y. Sept. 28, 2018).

## STANDARD OF REVIEW

"To survive a Rule 12(c) motion, [a] 'complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Johnson*, 569 F.3d at 44 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Hogan v. Fischer*, 738 F.3d 509, 514–15 (2d Cir. 2013) ("The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim."). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at 514 (quoting *Iqbal*, 556 U.S. at 678).

"Where, as here, the complaint was filed *pro se*, it must be construed liberally to raise the strongest arguments it suggests." *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014). "A plaintiff's failure to respond to a motion for judgment on the pleadings does not dictate dismissal of a complaint." *Ismael*, 2018 U.S. Dist. LEXIS 169648, at *5. "Rather, 'if the pleadings are themselves sufficient to withstand dismissal, a *pro se* complaint will not be dismissed simply because the complainant failed to respond to a Rule 12(c) motion.'" *Id.* (quoting *Nauss v. Barnhart*, 155 F. App'x 539, 540 (2d Cir. 2005) (summary order)).

## DISCUSSION

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Moreover, "[a] plaintiff must exhaust his administrative remedies *before* filing his initial complaint in federal court." *Albritton v. Morris*, 13-cv-3708 (KMK), 2018 WL 1609526, at *10 (S.D.N.Y. Mar. 29, 2018). "[C]ompleting the exhaustion requirements only after filing suit is insufficient," *Burgos v. Craig*, 307 F. App'x 469, 470 (2d Cir. 2008) (summary order), and "[w]hen a prisoner does not properly exhaust his administrative remedies before filing suit, the action *must* be dismissed." *Mateo v. Alexander*, 08-cv-8797 (RJH)(DCF), 2010 WL 431718, at *3 (S.D.N.Y. Feb. 9, 2010).

3

Because failure to exhaust is an affirmative defense, rather than a pleading requirement, a prisoner is under no obligation to plead exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Nevertheless, "a district court still may dismiss a complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement." *Williams v. Correction Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016).

Here, it is clear from the face of the Complaint that Rayside did not exhaust his available administrative remedies before bringing this action in federal court. Rayside's claims arise out of an institutional lockdown that occurred between May 29, 2017 and June 1, 2017. Compl. § (II)(D). The Complaint in this action was signed and delivered to prison authorities on June 4, 2017, which is considered the date it was filed. *See Stokes v. de Blasio*, 17-cv-7890 (JGK), 2019 WL 132279, at *3 n.3 (S.D.N.Y. Jan. 8, 2019) ("[A] *pro se* prisoner's complaint is considered filed as of the date that the plaintiff delivers the complaint to prison officials to be filed."); *see also Cary v. City of New York*, 17-cv-6443 (RWS), 2018 WL 1581988, at *1 n.1 (S.D.N.Y. Mar. 27, 2018). Even assuming that Rayside filed an administrative grievance on the first day of the lockdown, only four business days elapsed between his filing of the grievance on May 29 and his filing of the Complaint in this action on June 4. Since the applicable administrative procedures offer multiple layers of appeal—and at least five business days for prison officials to respond at each step[1]—Rayside

---

[1] The Court takes judicial notice of the applicable administrative procedure, the New York City Department of Correction's Inmate Grievance and Request Program ("IGRP"), which is a matter of public record. *See, e.g., Taylor v. City of New York*, 16-cv-7857 (NRB), 2018 WL 1737626, at *4 n.5 (S.D.N.Y. Mar. 27, 2018); *Hudson v. City of New York*, 15-cv-4920 (PAC)(HBP), 2016 WL 3976399, at *3 n.2 (S.D.N.Y. Jun. 23, 2016). Sections IV(G)–(J) of the IGRP describe the procedures for appealing an administrative grievance, which include requesting a formal hearing, appealing to the commanding officer, and appealing to the Central Office Review Committee. *See* IGRP §§ IV(G)–(J), available at http://www.nyc.gov/html/doc/downloads/pdf/Directive_3376_Inmate_Grievance_Request_Program.pdf.

4

"could not have participated in the entire grievance process before filing his complaint."[2] *Stokes*, 2019 WL 132279, at *3 (dismissing the complaint for failure to exhaust because only ten business days had passed between the incident alleged and the filing of the complaint); *see also Cary*, 2018 WL 1581988, at *3 (dismissing the complaint for failure to exhaust where, given the timing of the alleged misconduct and the date of filing, "it would have been impossible for Plaintiff to proceed through the entire grievance process, including all appeals, before Plaintiff filed the Complaint[.]"); *Perez v. City of New York*, 14-cv-07502 (LGS), 2015 WL 3652511, at *3 (S.D.N.Y. June 11, 2015) (dismissing the complaint for failure to exhaust because only six days elapsed between the events that formed the basis of the action and the filing of the complaint); *Price v. City of New York*, 11-cv-6170 (TPG), 2012 WL 3798227, at *3 (S.D.N.Y. Aug. 30, 2012) (dismissing the complaint for failure to exhaust because only 21 days had passed between the alleged incident and the filing of the complaint).

Nor does the Complaint allege any facts to suggest that the administrative procedures were "unavailable" to Rayside within the meaning of the PLRA. Although exhaustion under the PLRA is "mandatory," the Supreme Court has recognized that an inmate's duty to exhaust is limited to those administrative remedies that are actually "available." *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). An administrative procedure may be unavailable if, for example, it "operate[s] as a simple dead end," *id.* at 1859, is "so opaque that it becomes, practically speaking, incapable of use," *id.* at 1860, or if "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation," *id.* Although Rayside checked a box on his form Complaint indicating that the grievance procedures at OBCC did not "cover some or all of [his] claims," Compl. § IV(C), none of the factual allegations in the Complaint support a

---

[2] The result would be the same even if the Complaint were considered filed on the date it was docketed in this Court, June 12.

5

reasonable inference to that effect.[3] *See Hydara v. Burger*, 14-cv-1415 (KMK), 2018 WL 1578390, at *5 (S.D.N.Y. Mar. 29, 2018) ("[B]ecause Plaintiff alleges no facts from which the Court could infer that the [Inmate Grievance Program] was 'unavailable' to him, his failure to exhaust cannot be excused."); *Perez*, 2012 WL 3798227, at *4 ("Plaintiff has not pleaded any additional facts that would excuse his failure to exhaust administrative remedies.").

As it is clear from the face of the Complaint that Rayside could not have exhausted the administrative remedies that were available to him prior to filing, his federal law claims are dismissed. The Court declines to exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367(c)(3).

## CONCLUSION

For the foregoing reasons, Defendants' motion for judgment on the pleadings is granted. Rayside's claims are dismissed without prejudice. The Clerk of Court is respectfully directed to terminate the motion pending at docket entry 39 and to close this case.

SO ORDERED.

Dated: March 11, 2019
New York, New York

_____
Ronnie Abrams
United States District Judge

---

[3] Contrary to Rayside's conclusory assertion, the IGRP, by its terms, covers all of his claims. *See* IGRP App. A (listing categories of grievances subject to the IGRP, including those related to housing, personal hygiene, property, religion, and searches).